## EDGAR READING
### v.
## C. M. LININGTON.

VARIANCE BETWEEN ALLEGATIONS AND PROOFS.—Allegations and proofs must agree, and allegations which are essentially descriptive of the contract must be proved as set forth, or the variance will be fatal.

APPEAL from the County Court of Cook county; the Hon. MASON B. LOOMIS, Judge, presiding.   Opinion filed January 3, 1883.

Mr. EGBERT JAMIESON and Mr. E. F. RUNYAN, for appellant; that matters of essential description must be precisely proved, cited Spangler v. Pugh, 21 Ill. 86; Priest v. Wheelock, 58 Ill. 118.

Mr. E. A. SHERBURNE, for appellee; that a variance is a substantial departure from the issue in the evidence adduced and must be in some matter which in point of law is essential to the charge or claim, cited Wheeler v. Reed, 36 Ill. 85; Frazer v. Smith, 60 Ill. 147.

A variance should be specifically pointed out: St. Clair Co. Ben. Society v. Fietsam, 6 Bradwell, 152.

WILSON, J.   This was an action of assumpsit brought by appellee against appellant on an alleged guaranty of payment of $653.94 due and owing to appellee by E. W. Post & Co., of Denver, Colorado.   The declaration contains but one count, which, after reciting that Post & Co. were indebted to the plaintiff in the sum of $653.94 on an open account for goods sold and delivered, and that the plaintiff was about to proceed to enforce the collection thereof, alleges that the defendant, in consideration that the plaintiff would forbear pressing Post & Co. upon one half of said sum for sixty days, and the other half for four months, promised and guaranteed to the plaintiff in writing that said account, to wit, the said sum of $653-.94, should be paid to the plaintiff within four months from the 18th day of March, 1881.

The defendant pleaded non-assumpsit, and a special plea alleging fraud in obtaining the execution of the guaranty. Issues were joined on these pleas, and upon the trial, the plaintiff, to support his declaration, offered in evidence a guaranty executed by the defendant in the words and figures following :

[Copy of account sued on.]

CHICAGO, ILL., March 18, 1881.

E. W. Post & Co., Denver, Col.,

To C. M. Linington, Dr.

To merchandise sold and delivered as per bill rendered.................................... $653.94

[Indorsed on the back.]

CHICAGO, March 18, 1881.

For value received I hereby guarantee the payment of the within account, one half in sixty days, and one half in four months after date, if not sooner paid by E. W. Post & Co.

EDGAR READING.

To the introduction of this instrument in evidence, the defendant objected on the ground of a variance, it not being the instrument described in the plaintiff's declaration.   The court overruled the objection, and admitted the instrument in evidence, and the defendant excepted.

The ruling of the court was manifestly erroneous.    The undertaking, as alleged in the declaration, was to pay $653.94 within four months, while that shown by the instrument offered in evidence, was to pay one half the amount in sixty days, and the other half in four months.    These are two very different contracts.    According to one of them the defendant is to have four months' credit on the whole amount, while according to the other he is to have four months on one half only.    The rule need hardly be stated that the allegations and proofs must agree, and allegations which are essentially descriptive of the contract must be proved strictly.    Such allegations go to the identity of the contract.    Of these are names, amounts, duration, and the like.    They must be proved as set forth, or the variance will be fatal.    Spangler v. Pugh, 21 Ill. 86.

For the error of the court in admitting the instrument in evidence, the judgment must be reversed, and the cause remanded for further pleadings.

Reversed and remanded.